**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JOAN DUMLER,**

        **Plaintiff,**

                              Case No.      06-10134

v.

                              HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

      This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation dated October 16, 2006. Defendant filed Objections to the Report and Recommendation on October 27, 2006.

      On May 25, 2006, Plaintiff brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security. The Administrative Law Judge ("ALJ") found that Plaintiff had severe impairments of "degenerative disc disease of the lumbar spine with bulging, degenerative disc disease in the cervical spine with bulging and status post carpal tunnel surgery." (Tr. 18, 21). The ALJ concluded that although Plaintiff had severe impairments, they neither met nor equaled any impairment listed in Appendix 1 Subpart P, Regulations No. 4. (Tr. 19, 21). The ALJ further determined that Plaintiff was unable to perform her past relevant work as an assembler at the light exertional level or her past work as a sorter (sedentary). However, based on Plaintiff's age, education and work experience, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of light work pursuant to the Medical-Vocational Guidelines. (Tr.

19, 22).

Magistrate Judge Whalen concluded that the ALJ's determination that Plaintiff experienced only insignificant deficiencies as a result of Carpal Tunnel Syndrome ("CTS") is flawed. First, Magistrate Judge Whalen found that, although the ALJ deemed Plaintiff's non-exertional limitations insubstantial to the extent that he did not consult the Vocational Expert, this finding is at odds with the ALJ's Step Two finding that Plaintiff experienced CTS along with various back problems.[1] Specifically, while Plaintiff's back problems might arguably limit only Plaintiff's exertional limitations; CTS, which affects finger, hand, wrist and elbow functions clearly implicates non-exertional as well as exertional functions. Moreover, Magistrate Judge Whalen found that the ALJ implicitly acknowledged that CTS created more than minimal work-related limitations by including it among Plaintiff's Step Two impairments. *Farris v. Secretary of HHS*, 773 F.2d 85, 90 (6th Cir. 1985).

Second, Magistrate Judge Whalen found that the ALJ's finding of a complete absence of non-exertional limitations stands unsupported by substantial evidence. None of Plaintiff's treating or consultive sources support the ALJ's finding of a complete absence of non-exertional limitations. Specifically, Dr. Sayyid found normal results, however, observed "parasthesia of the left hand." (Tr. 158). Dr. LaClair noted that Plaintiff experienced moderate limitations in extension of Plaintiff's right elbow. (Tr. 165). Similarly, the Residual Functional Capacity Assessment performed in February, 2002, found the presence of several non-exertional work limitations including postural,

---

[1] Magistrate Judge Whalen points out that although a Vocational Expert was present at the administrative hearing, her testimony was limited to a brief discussion of Plaintiff's past relevant work and the ALJ did not pose a hypothetical question or ask for a jobs finding. (Tr. 202).

manipulative, and environmental restrictions on Plaintiff's work activities. (Tr. 174-76).

The Magistrate Judge also concluded that the ALJ's failure to pose a hypothetical question to the Vocational Expert, including non-exertional limitations, and to then elicit job findings mandates a remand for further fact finding.[2] *See Williams v. Bernhart*, 338 F.Supp.2d 849, 862 (M.D. Tenn. 2004) (remanded for further fact-finding on the basis that "where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through [VE] testimony").

Pursuant to *Faucher v. Secretary of Health and Human Services*, "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." 17 F.3d 171, 176 (6th Cir. 1994). The Magistrate Judge concluded that, "although Plaintiff requests remand for an award of benefits as well as for further fact-finding, the errors in the administrative decision, while critical, do not suggest that Plaintiff is automatically entitled to benefits." (R & R at 12). The Magistrate Judge found that, upon considering the VE's testimony, the ALJ may find that there is substantial evidence to support a non-disability finding. The Magistrate Judge found, pursuant to *Faucher*, that this case

---

[2] At Step Five of the administrative analysis, the burden of proof shifts to the Commissioner to establish that the claimant retains the residual functional capacity to perform specific jobs existing in the national economy. *Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984). "In many cases, the Commissioner may carry this burden by applying the medical-vocational grid at 20 C.F.R. Pt. 404, Subpt. P, App. 2." *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004). However, "where a nonexertional limitation might substantially reduce a range of work an individual can perform, the use of the grids would be inappropriate and the ALJ must consult a vocational expert." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

should be remanded for further proceedings consistent with this Order.  17 F.3d at 176.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for proper reasons.  The Court notes that the Supreme Court only recognizes two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g).  *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).  The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases.  *Melkonyan*, 501 U.S. at 100.  Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision.  *Id.* at 99-100.  Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  *Id.* at 100.  The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings.  *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984).

The Court finds that the ALJ's findings were not substantially supported by the record.  Remand is appropriate in this case because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence.  Because the Court is not reviewing the substantive merits of this case at this time, under § 405(g), sentence six, a judgment is not required.

*Schaefer v. Shalala*, 509 U.S. 292, 301 (1993).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge R. Steven Whalen's **[Docket No. 10, filed October 16, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 9, filed June 19, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed May 25, 2006]** GRANTED IN PART as to Remand and DENIED without prejudice as to award of benefits.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation. After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g). The matter will then be referred to the Magistrate Judge for a Report and Recommendation on the additional findings, if any. The Court will then issue its decision and Judgment on the matter.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
DATED: January 31, 2007              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager