UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN DUMLER,

    Plaintiff,

v.                                    Case No. 06-10134
                                    HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

**I.    Introduction**

This matter is before the Court on Defendant Social Security Commissioner's Motion for Reconsideration of this Court's Order of January 31, 2007 and to Enter Judgment Remanding the Case Pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), filed on February 1, 2007.

**II.    Standard of Review**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument shall be allowed unless the Court, after filing the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1(g) further states:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues rule upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

**III.    Law & Analysis**

On January 31, 2007, this Court adopted the Magistrate Judge's Report and Recommendation, which recommended that this Court reverse the determination of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, and remand the matter for further proceedings. The Magistrate Judge found that the ALJ erred in concluding that Plaintiff's Carpal Tunnel Syndrome (CTS) only caused Plaintiff to experience insignificant deficiencies; the ALJ's finding of complete absence of non-exertional limitations was unsupported by substantial evidence; and the ALJ's failure to pose a hypothetical question to the Vocational Expert mandated a remand. In its January 31, 2007 Order, this Court held that:

> This Court finds that the ALJ's findings were not substantially supported by the record. Remand is appropriate in this case because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence. Because the Court is not reviewing the substantive merits of this case at this time, under § 405(g), sentence six, a judgment is not required. *Schaefer v. Salala*, 509 U.S. 292, 301 (1993).

(Order, at 4-5.)

Defendant argues in the present Motion for Reconsideration that this Court erroneously remanded this matter under sentence six of 42 U.S.C. § 405(g), where it should have remanded pursuant to sentence four of that section. Although the Defendant did not previously address in the Objections to the Report and Recommendation which sentence on remand applies, this Court agrees that sentence four applies.

Section 405(g), sentence four, states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). In *Faucher*, the Sixth Circuit explained the distinction between remands pursuant to sentence four versus remands under sentence six of § 405(g). *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 173-77 (6th Cir. 1994). The *Faucher* court

2

stated that sentence four remands are appropriate in situations such as the one before this Court, where the decision-maker incorrectly applies the regulations in denying disability benefits. *Id.* at 174. Sentence six remands only occur in situations where "[n]ew evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* at 175.

Here, Plaintiff did not present new evidence that was unavailable at the time of the administrative proceeding. Rather, the Court found the ALJ's decision was not supported by substantial evidence because he failed to consider Plaintiff's treating physicians' opinions, or incorporate Plaintiff's physical impairments in the hypothetical question posed to the vocational expert. Accordingly, this matter is remanded pursuant sentence four of Section 405(g).

**IV.     Conclusion**

For the reasons stated above,

IT IS ORDERED that Defendant's Motion for Reconsideration (Docket No. 13, filed February 7, 2007) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is REVERSED and this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the ALJ must consider Plaintiff's deficiencies as a result of Carpal Tunnel Syndrome, and consult with the Vocational Expert. The ALJ must also provide sufficient reasons for a finding of complete absence of non-exertional limitations, in light of Plaintiff's treating physicians reports.

Dated: February 12, 2008                              s/ DENISE PAGE HOOD
                                                     DENISE PAGE HOOD
                                                     United States District Judge



     I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2008, by electronic and/or ordinary mail.

                                                     S/William F. Lewis
                                                     Case Manager